IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PASO DEL NORTE MOTORS, LP d/b/a VIVA KIA, § § § | | |
| Movant, § § | | |
| V. § | No. 3:15-cv-2672-M | |
| § | | |
| KIA MOTORS OF AMERICA, INC., § § § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

Paso Del Norte Motors, LP d/b/a Viva Kia ("Viva") has filed a civil action in the United States District Court for the Northern District of Texas and filed two motions in connection with a Notice of Deposition Duces Tecum and Subpoena Duces Tecum served on Kia Motors of America, Inc. as a non-party in connection with a case pending in the El Paso Division of the United States District Court for the Western District of Texas, styled *Paso Del Norte Motors, LP d/b/a Viva Kia v. Tri Star Partners, LLC d/b/a Integrity Kia,* No. 3:15-cv-00033 (W.D. Tex.). Specifically, Viva filed in this Court a Motion for Sanctions Pursuant to Rule 37(c)(1) or Alternative Motion to Compel Testimony and Motion to Compel Production of Documents, *see* Dkt. No. 1, and a Motion to Transfer Pursuant to Fed. R. Civ. Proc.45(f), *see* Dkt. No. 2, both of which United States District Judge Barbara M.G. Lynn has referred to the undersigned United States magistrate judge for determination, *see* Dkt. No. 5. For the reasons and to the extent explained below, the Court must deny both motions.

**Background**

This action involves a subpoena issued by the United States District Court for the Central District of California, in connection with the above-noted case pending in the Western District of Texas. *See* Dkt. No. 1-2. The subpoena commands Kia Motors of America, Inc. to appear for a deposition and produce of documents, electronically stored information, and/or objects at a location in Costa Mesa, California. *See id.* The subpoena reflects that it would be served on Kia Motors of America, Inc. at the address of a registered agent in Irvine, California. *See id.*

**Legal Standards and Analysis**

Viva's motion for sanctions and to compel invokes Federal Rule of Civil Procedure 37(c), and the motion to transfer invokes Federal Rule of Civil Procedure 45(f). But, because the underlying case is not pending in this Court and because the subpoena commands Kia Motors of America, Inc.'s deposition and production of documents at a location in another district, this Court has no basis or authority to address this subpoena under Rule 37 or Rule 45. *See Synqor, Inc. v. Vicor Corp.*, No. 3:14-mc-79-D-BN, 2014 WL 2519242, at *1-*3 (N.D. Tex. June 3, 2014).

Rule 45(d)(2) governs a motion to enforce or compel compliance with a subpoena, and its provisions only provide only for "the court for the district where compliance is required" to issue an order compelling production or inspection on a proper motion. FED. R. CIV. P. 45(d)(2)(B); *see also* FED. R. CIV. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). The subpoena served on Kia Motors of America, Inc. requires compliance

– that is, the subpoena notices the deposition of a corporate representative of Kia Motors of America, Inc. and accompanying document production – at a location in Costa Mesa, California, which lies within the Central District of California. *See* Dkt. No. 1-2. The "court for the district where compliance is required" is therefore the United States District Court for the Central District of California, and Rule 45(d)(3)(A) requires that any motion to compel compliance with the subpoena be filed in the first instance with "the court for the district where compliance is required." FED. R. CIV. P. 45(d)(2)(B).

The deposition excerpts that Viva attached to its motion appear to reflect that the deposition of a corporate representative of Kia Motors of America, Inc. has taken place at a location in Dallas, Texas. *See* Dkt. No. 1-3. But that does not change the fact that the subpoena, by its terms, required compliance in Costa Mesa, California.

And Viva's motion's reliance on Rule 37(c) is misplaced in this context and ultimately leads to the same conclusion that this Court is not the proper court in which to file a motion to enforce or seek sanctions in connection with this subpoena. "Rule 37(c)(1) applies only to a party's (not a nonparty's) failure to disclose information or identify a witness under Rule 26(a) or (e) or admit under Rule 36. The remedy for failure to comply with a subpoena is to seek to hold the non-complying person in contempt of court." *DeGeer v. Gillis*, 755 F. Supp. 2d 909, 930 (N.D. Ill. 2010). And Federal Rule of Civil Procedure 45(g) provides that "[t]he court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse

to obey the subpoena or an order related to it." FED. R. CIV. P. 45(g). Again, this Court is neither the court for the district where compliance is required by the subpoena's terms nor the issuing court.

Further, while this subpoena was issued by the United States District Court for the Central District of California, it appears that the subpoena is invalid because it was not issued from the United States District Court for the Western District of Texas. Rule 45(a)(2) provides that "[a] subpoena must issue from the court where the action is pending" – here, the United States District Court for the Western District of Texas – which is, for Rule 45's purposes, the "issuing court." FED. R. CIV. P. 45(a)(2). Although Kia Motors of America, Inc. may have voluntarily complied with the subpoena, at least in part, by presenting a a corporate representative for deposition and producing some documents and a privilege log, for purposes of a motion requesting the Court's enforcement of the subpoena, Viva's subpoena appears to be invalid because Viva's counsel issued the subpoena from a court other than the court where the action is pending. A subpoena that violates Rule 45(a)(2)'s requirement is facially invalid and cannot be enforced by the Court notwithstanding that a violation of Rule 45(a)(2) is not a ground for quashing or modification listed in Rule 43(d)(3). The subpoena is simply not a valid subpoena, and, even if this Court otherwise had some basis or authority to address this subpoena under Rule 45, the Court would have no authority to enforce it by an order granting a motion to compel under Rule 45(d) or for contempt under Rule 45(g). *See U.S. Risk Ins. Group, Inc. v. United States Risk Mgmt., LLC*, No. 3:11-cv-2843-M-BN, 2014 WL 4-55372, at *1 (N.D. Tex. Aug. 15, 2014); *Rose v. Enriquez*, Nos.

SA-13-MC-396-FSR, CV-11-7838-DDP, 2013 WL 2458723, at *2 (W.D. Tex. June 6, 2013).

Viva also asks the Court to, under Rule 45(f), transfer the Motion for Sanctions Pursuant to Rule 37(c)(1) or Alternative Motion to Compel Testimony and Motion to Compel Production of Documents to the United States District Court for the Western District of Texas. *See* Dkt. No. 2. But, where this Court is neither "the issuing court" nor "the court for the district where compliance is required," the Court has no authority to transfer the motion by Rule 45(f)'s terms and where the motion is not properly before this Court in the first instance. Where a motion to compel under Rule 45(d)(2) or for contempt under Rule 45(g) is properly filed in the court for the district where compliance is required, Rule 45(f) provides that, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." FED. R. CIV. P. 45(f). But this provision, by its terms, does not apply to Viva's motion for sanctions and to compel because the motion was filed in a court that is neither the court where compliance is required nor the issuing court. *See id.* Rule 45(f) therefore provides no authority for this Court – which is not "the court where compliance is required" by the subpoena at issue – to transfer Viva's Motion for Sanctions Pursuant to Rule 37(c)(1) or Alternative Motion to Compel Testimony and Motion to Compel Production of Documents to the United States District Court for the Western District of Texas. And, because Rules 37(c) and 45(d) provide no authority in the first place for this Court to hear and decide a motion to enforce or compel

compliance with this subpoena or a motion for sanctions in connection with this subpoena, there is no need to analyze whether Rule 45(f)'s "exceptional circumstances" include the filing of a motion in a court other than, as Rules 45(d)(2)(B) and 45(g) require, "the court for the district where compliance is required." *See Synqor*, 2014 WL 2519242, at *2.

## Conclusion

Under all the circumstances presented here, the Court concludes that denying Viva's Motion for Sanctions Pursuant to Rule 37(c)(1) or Alternative Motion to Compel Testimony and Motion to Compel Production of Documents [Dkt. No. 1] and Motion to Transfer Pursuant to Fed. R. Civ. Proc.45(f) [Dkt. No. 2] is the appropriate disposition of the pending motions. Accordingly, the Court DENIES Viva's Motion for Sanctions Pursuant to Rule 37(c)(1) or Alternative Motion to Compel Testimony and Motion to Compel Production of Documents [Dkt. No. 1] and Motion to Transfer Pursuant to Fed. R. Civ. Proc.45(f) [Dkt. No. 2].

SO ORDERED.

DATED: August 19, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE